O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HAGOP HAGOPIAN,                    )        NO. CV 97-5843-CT
                                   )
            Plaintiff,             )        OPINION AND ORDER
                                   )
       v.                          )
                                   )
JO ANNE B. BARNHART,               )
COMMISSIONER, SOCIAL SECURITY      )
ADMINISTRATION,                    )
                                   )
            Defendant.             )
                                   )
_____)

     For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

                     SUMMARY OF PROCEEDINGS

     On August 6, 1997, Hagop Hagopian ("plaintiff") filed a complaint seeking judicial review the denial of disability insurance benefits and Supplemental Security Income ("SSI") by the Commissioner pursuant to the Social Security Act ("the Act").  The parties filed a consent to proceed before the magistrate judge.  On January 20, 1998, pursuant to the parties' stipulation, the court remanded the case pursuant to sentence 6 of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  The

1  case was remanded because the tape of the administrative hearing held on
2  February 28, 1995 had been lost.

3      On July 28, 2006, almost *seven years* after the Appeals Council
4  denied review of the administrative law judge's ("ALJ") November 6, 1998
5  decision on remand denying benefits, defendant filed a motion to reopen
6  the case.[1]  On August 9, 2006, pursuant to defendant's motion, the court
7  reopened the case.  On November 9, 2006, plaintiff filed a brief in
8  support of the Complaint.  On December 11, 2006, the Commissioner filed
9  a memorandum in opposition to the relief requested in the complaint.

10                  SUMMARY OF ADMINISTRATIVE RECORD

11     1.  Proceedings

12     In July and August 1992, plaintiff filed applications for
13  disability insurance benefits and SSI, alleging disability since July
14  11, 1987 due to arthritis, back problems, leg problems, headaches and
15  dizziness. (TR 87-90, 215-18).[2]  The applications were denied initially
16  and upon reconsideration.  (TR 128-30, 132-34).

17     After an unfavorable decision by the ALJ on June 15, 1995 (TR 41-
18  48) and denial of his request for review by the Appeals Council as
19  untimely (TR 226-27, 242-43), petitioner filed this action seeking
20  judicial review of the denial of benefits.

21     After the matter was remanded back by this court pursuant to

22

23     [1]   There is no explanation for this lengthy delay in
24  seeking to reopen the case.  Defendant does not contend that the
    delay is a basis for denying review or relief and, instead argued
25  that the court should reopen the case in its motion to reopen.

26     [2]   "TR" refers to the transcript of the record of
    administrative proceedings in this case and will be followed by
27  the relevant page number(s) of the transcript.

28
                                    2

sentence 6 of 42 U.S.C. § 405(g), the Appeals Council remanded the matter to an ALJ for a new hearing and decision. (TR 246). On September 14, 1998, plaintiff, represented by an attorney and accompanied by an interpreter, appeared and testified before the ALJ. (TR 54-86). The ALJ also considered vocational expert ("VE") and medical expert ("ME") testimony. On November 6, 1998, the ALJ issued a decision that plaintiff was not disabled because he does not have a severe impairment and, even if his impairments were considered severe, he has the capacity for the full range of medium work, which would enable him to perform his past relevant work as a tailor. (TR 20-29). On December 9, 1998, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 15). On August 23, 1999, the request was denied. (TR 4-5). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

    2.  <u>Summary Of The Evidence</u>

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1.  The ALJ improperly determined that the plaintiff had no impairment or combination of impairments that were "severe" within the meaning of the Social Security regulations and rulings; and,

2.  The ALJ improperly found that plaintiff was not credible.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's

3

1  decision to determine if: (1) the Commissioner's findings are supported
2  by substantial evidence; and, (2) the Commissioner used proper legal
3  standards.   Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996).
4  Substantial evidence means "more than a mere scintilla," Richardson v.
5  Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.
6  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

7      When the evidence can reasonably support either affirming or
8  reversing the Commissioner's conclusion, however, the Court may not
9  substitute its judgment for that of the Commissioner.   Flaten v.
10  Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.
11  1995).   The court has the authority to affirm, modify, or reverse the
12  Commissioner's decision "with or without remanding the cause for
13  rehearing."   42 U.S.C. §405(g).

14                              DISCUSSION
15      1.   The Sequential Evaluation
16      A person is "disabled" for the purpose of receiving social security
17  benefits if he or she is unable to "engage in any substantial gainful
18  activity by reason of any medically determinable physical or mental
19  impairment which can be expected to result in death or which has lasted
20  or can be expected to last for a continuous period of not less than 12
21  months."  42 U.S.C. §423(d)(1)(A).

22      The Commissioner has established a five-step sequential evaluation
23  for determining whether a person is disabled.   First, it is determined
24  whether the person is engaged in "substantial gainful activity."  If so,
25  benefits are denied.

26      Second, if the person is not so engaged, it is determined whether
27  the person has a medically severe impairment or combination of
28                                    4

impairments.   If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.   If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.   The person is entitled to benefits only if the person is unable to perform other work.   20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

   2.   Issues

      A.   Severe impairment

Plaintiff contends that the ALJ improperly determined that plaintiff had no impairment or combination of impairments that were "severe." Plaintiff ignores the ALJ's alternative finding that, even if plaintiff's impairments are severe, plaintiff can perform medium work.

A severe impairment or combination of impairments is one that significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs.   20 C.F.R. § 416.921(b); Bowen v. Yuckert, 482 U.S. at 141-42.   An impairment will be considered non-severe when medical evidence establish

5

only a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling 85-28; Bowen v. Yuckert, 482 U.S. at 154 n.12.

Here, while conceding that the medical record is "limited," plaintiff claims that the record supports that he had a severe impairment as of at least 1993.[3] Although plaintiff contends he has been disabled due to pain in his back and hands[4] since 1987 (despite the fact that plaintiff continued to work in business for himself until 1990), there is no record that plaintiff saw a doctor for his conditions until he was examined consultatively by Dr. Dhia Al-Sarraf in January of 1993 in connection with his application for benefits.  Plaintiff concedes that he did not seek treatment for many years, but claims it was because he could not afford treatment. (TR 73-74).  However, although plaintiff quit his job allegedly due to his impairments, he apparently sought no treatment while he was working at his former job and earning an income. Further, as the ALJ noted, plaintiff **did** seek medical treatment in 1993

---

[3]Plaintiff concedes that he was last insured for Title II benefits in July 1991, but contends that he would have been eligible for SSI benefits after that date. (Plaintiff's Brief at 4).

[4]As the ALJ found, there is no objective medical evidence in the record to support plaintiff's claim of arthritis or other impairments in his hands.  See Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005)(plaintiff bears the burden of proving disability and where plaintiff fails to produce objective medical evidence of a medically determinable impairment, ALJ does not err stopping at step two of the sequential analysis and denying benefits).  The ALJ found the evidence supported the existence of two impairments: mild degenerative arthritis of the lower back and diabetes mellitus.  (TR 28).

1  and 1994.

2      Dr. Al-Sarraf's examination of plaintiff was essentially normal

3  with the exception of some subjective complaints of lower back pain and

4  plaintiff's reported history of chest pain.  (TR 144-146).  Dr. Al-

5  Sarraf gave no definitive diagnosis or opinion concerning plaintiff's

6  limitations, but recommended an x-ray of his lumbar spine and a

7  treadmill test to investigate his complaints of chest pain.  (TR 144).

8      Subsequently, plaintiff underwent a treadmill stress test, which

9  was negative, although plaintiff demonstrated poor exercise tolerance.

10  (TR 149).  Plaintiff had X-rays of his pelvis and lower spine which

11  indicated mild degenerative disc disease.  (TR 188-189).

12      Plaintiff was also treated at Olive View Medical Center in 1993 and

13  1994 for complaints of back pain and thigh pain and for diabetes, which

14  was diagnosed in 1993.  Plaintiff's diabetes was described as

15  "borderline at most" in November of 1993 (TR 182) and his doctors

16  treated it with medication and recommended dietary counseling.  (TR

17  191).  Plaintiff failed to keep his appointment for nutritional

18  counseling recommended by his doctors.  (TR 185).  In addition,

19  plaintiff was given non-steroidal anti-inflammatory medications for

20  pain. (See TR 175-191).  He also attended some physical therapy, which

21  helped.  (TR 178).

22      Plaintiff was examined consultatively a second time in 1994 by Dr.

23  Robert Schatz.  Plaintiff's examination was again essentially normal

24  except some subjective reports of back pain with movement. (TR 199).

25  Plaintiff had good hand grip strength and a normal neurological

26  examination.  (TR 199-200). In addition, Dr. Schatz opined that

27  plaintiff's "mobility is good" with a "modest limitation of back motion"

28

1  and normal joint motion and a normal gait. (TR 200). Dr. Schatz found
2  that plaintiff was able to perform essentially medium work (lift 40-50
3  pounds occasionally and 20-25 pounds frequently) and could sit and stand
4  for six hours with no other restrictions except to avoid unprotected
5  heights based on plaintiff's reports of past episodes of vertigo. (TR
6  201-03).

7      In rendering his decision in plaintiff's case, the ALJ carefully
8  reviewed the record evidence set forth above and also relied on the
9  opinions of Dr. David Brown, an expert in internal medicine and
10 rheumatology who testified at the hearing. Dr. Brown reviewed
11 plaintiff's records, heard plaintiff's testimony and opined that
12 plaintiff did not have an impairment or combination of impairments that
13 more than minimally interfered with his ability to engage in basic work
14 activity. (TR 77). When the ALJ asked the ME to factor in plaintiff's
15 subjective complaints, which, as discussed below, the ALJ found not
16 credible, the ME opined that plaintiff would be able to perform medium
17 work. (TR 79). The record discussed above is consistent with Dr.
18 Brown's conclusions.

19     Plaintiff submitted a December 13, 1993 report by a Dr. M.T.
20 Moghaddam, who apparently examined plaintiff once on December 3, 1993
21 and opined that plaintiff was "totally disabled for a minimum of 16
22 months."[5]   (TR 168). When the opinion of a treating or examining

23

24
25     [5]The record contained another medical evaluation by Dr.
   Moghaddam, which pertained to a person other than plaintiff.
26 Pursuant to the parties' stipulation, the court ordered that the
   pages containing that evaluation be removed from the
27 administrative record. (See December 13, 2006 Order Redacting
   Administrative Record After Answer Filed).

28

1   physician is contradicted by the opinions of other doctors, the ALJ may

2   reject that doctor's opinions only for specific and legitimate reasons

3   supported by substantial evidence.   See Morgan v. Comm'r of Soc. Sec.

4   Admin., 169 F.3d 595, 600 (9th Cir. 1999).   The ALJ complied with this

5   requirement.   The ALJ rejected Dr. Moghaddam's opinions because they

6   were based principally on plaintiff's subjective complaints, noting that

7   the doctor did not take x-rays or report any neurological deficits.   (TR

8   23, 26).   This is a legitimate basis for rejecting a doctor's opinion

9   where, as here, the ALJ has properly found plaintiff not completely

10  credible.   See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

11  2001)(where record supports the ALJ in discounting plaintiff's

12  credibility, ALJ is free to disregard doctor's opinions that are

13  premised on plaintiff's subjective complaints).   Dr. Moghaddam's

14  evaluation contains only minimal findings of complaints of tenderness

15  and pain in the hands, fingers and lower back with some muscle spasms in

16  the lower back.   (TR 168).   The ALJ correctly observed that Dr.

17  Moghaddam's finding of muscle spasms in plaintiff's back was

18  inconsistent with the findings of other doctors who had examined

19  plaintiff, none of whom found muscle spasms.   (TR 26, 144-46, 174-91,

20  197-200).   See Morgan, 169 F.3d at 601 (where doctors' findings are

21  inconsistent and inconclusive, questions of credibility and resolution

22  of conflicts are solely the functions of the Commissioner).

23      Based on the foregoing, the ALJ concluded that plaintiff did not

24  have an impairment, or combination of impairments that would have more

25  than a minimal effect on plaintiff's ability to work even if plaintiff's

26  age, education, or work experience were specifically considered.   Social

27  Security Ruling 85-28; Bowen v. Yuckert, 482 U.S. at 154 n.12.   This

28

9

1  determination is supported by substantial evidence.  See Webb v.
2  Barnhart, 433 F 3d. 683, 687 (9th Cir. 2005)(in reviewing decision at
3  step two of the sequential evaluation, court must determine whether "the
4  ALJ had substantial evidence to find that the medical evidence clearly
5  established that [plaintiff] did not have a medically severe impairment
6  or combination of impairments"). Moreover, the ALJ alternatively found
7  that, even if plaintiff's impairments are considered "severe," he is
8  able to perform medium work. (TR 29). Except for the opinion of Dr.
9  Moghaddam, which the ALJ properly rejected, there is no medical evidence
10  that is materially inconsistent with the ALJ's conclusion. The ALJ's
11  determination of plaintiff's functional capacity is free from material
12  legal error and supported by substantial evidence.

13       B.   Credibility determination

14       Plaintiff also objects to the ALJ's credibility determination.

15       To reject a plaintiff's subjective complaints, the ALJ must provide
16  "'specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464
17  F.3d 968, 972 (9th Cir. 2006)(citation omitted). In the absence of
18  evidence of malingering, the reasons must be "clear and convincing."
19  Id. If the ALJ determines that plaintiff's testimony concerning the
20  intensity of pain or other limitations is not fully credible, the ALJ
21  must "specifically identify what testimony is credible and what
22  testimony undermines the [plaintiff's] complaints." Morgan v. Comm'r of
23  Soc. Sec. Admin., 169 F.3d at 599(citation omitted). "In this regard,
24  questions of credibility and resolutions of conflicts in the testimony
25  are functions solely of the Secretary." Id. (citations omitted).

26       Here, the ALJ provided clear and convincing reasons for rejecting
27  plaintiff's testimony and gave a detailed written opinion summarizing

28

the areas where plaintiff's testimony was not credible and the evidence that undermined plaintiff's complaints.  See Greger, 464 F.3d at 972.

The ALJ observed that plaintiff had failed to seek medical treatment for years after the alleged onset of disability and that his alleged reason for not doing so – inability to afford treatment – is countered by the fact that he did seek treatment repeatedly in 1993 and 1994 and attended physical therapy.  (TR 27,174-91).  The failure to seek treatment for allegedly disabling pain is a legitimate reason for discounting credibility.  See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(failure to seek treatment a legitimate reason for discounting credibility).

The ALJ also noted plaintiff's tendency to exaggerate his symptoms. The ALJ correctly found that plaintiff's claims of disabling pain (TR 106, 115) and problems with his hands (TR 69, 72) are not supported by medical evidence.  (See, e.g., TR 181, 189 (X-rays finding only mild degenerative disease of back with little or no loss of disc space), TR 199 (Dr. Schatz's finding that plaintiff could exert 90 pounds of force with his hands)).  The ALJ also pointed to plaintiff's complaint to his doctors that he had been losing 25 pounds per month (TR 191), when medical records show that plaintiff lost only 11 pounds over an almost two year period.  (Compare TR 145 (January 1993 weight is 188 pounds) with TR 198(November 1994 weight is 177 pounds)).  Exaggeration of symptoms is a legitimate basis for discounting credibility.  See Tonapetyan v. Halter, 242 F.3d at 1148(plaintiff's exaggeration of symptoms was a legitimate basis for discounting credibility).

In addition, the ALJ noted plaintiff's failure to comply with treatment (see TR 185 (failure to attend nutrition class)) and his

11

inconsistent statements about a motor vehicle accident in 1991 resulting in a back injury, which was reported only to Dr. Schatz, (TR 197), and not mentioned in his 1993 examination by Dr. Al-Sarraf. (TR 144). See Tonapetyan v. Halter, 242 F.3d at 1148 (ALJ may consider inconsistent statements by plaintiff in evaluating credibility).

The ALJ's credibility determination is supported by substantial evidence and free from material legal error.

CONCLUSION

If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: December 21, 2006

CAROLYN TURCHIN
_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

12